IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| FRANK L. TOOLE,             ) | |
| Plaintiff,                         ) | |
|                                      ) | |
|                                      ) | |
| vs.                                ) | CIVIL ACTION NO.: 1:13-cv-145 |
|                                      ) | |
| THYSSENKRUPP INPLANT  ) | |
| SERVICES, LLC, d/b/a PHOENIX ) | |
| INPLANT SERVICES, LLC,     ) | |
| Defendant.                     ) | |

## AMENDED COMPLAINT

Comes now Frank L. Toole (hereinafter "Toole" or "Plaintiff"), by and through his undersigned attorneys, and for his Amended Complaint against ThyssenKrupp InPlant Services, LLC, d/b/a Phoenix InPlant Services, LLC, (hereinafter "TKIS" or "Defendant"), shows as follows:

**I.       Preliminary Statement**

1.      This action seeks declaratory, injunctive and equitable relief; compensatory damages including but not limited to back pay and emotional distress, and punitive damages; and costs, interest, and attorney fees to redress the deprivation of rights secured to Plaintiff by the Americans with Disabilities Act, Title 42 U.S.C. § 12101 *et seq.*, (hereinafter "ADA"). Plaintiff was subjected to illegal discrimination when the Defendant refused to hire Plaintiff and/or reasonably accommodate Plaintiff due to his disability. He was further subjected to violations of his federally protected rights when the Defendant engaged in an improper medical inquiry pre-employment offer, in violation of the ADA, 42 U.S.C. § 12112(d)(2).

**II.      Jurisdiction**

2.      This action arises under the ADA. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and has filed this Complaint less than 90 days

from the receipt of his Notice of Righs letter dated December 27, 2012, in which the EEOC found reasonable cause to believe that violations of the statute had occurred.

  3. Jurisdiction is invoked pursuant to Title 28 U.S.C. §§ 1331 and 1343.

**III. Venue**

  4. This action properly lies in the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §1391(b) as the claim arose in this judicial district and the Defendant operates it business in Mobile County, Alabama.

**IV. Parties**

  5. During all relevant times, Toole was a resident of Mobile County, Alabama and is a United States citizen. Toole suffers from loss of vision in his left eye and as such has a disability, as defined under the ADA, and/or was perceived by the Defendant has having a disability.

  6. Defendant is a corporation organized and existing under the laws in the State of Delaware which, at all relevant times, was authorized to do and did business in Mobile County in the State of Alabama and was an employer of the Plaintiff as defined by the ADA.

**V. Facts**

  7. Plaintiff was employed by several contractors providing services to the Thyssenkrupp group of businesses in Calvert, Alabama, including 3D Metal Works, HMIS, and Chastant Construction. During his employment with these contractors Plaintiff performed Safety Coordinator duties and safety-related duties for the Defendant. During his most recent job with a contractor, 3D Metal Works, Plaintiff became aware of an open position of Safety Coordinator (referred to by the Defendant as "Safety Technician/ Safety Trainer") with Defendant and applied for this position in the Spring of 2011.

8. Plaintiff was qualified for the position and after meeting with Art Hamilton about the position, the Plaintiff was informed that he had to take a physical exam. Hamilton's secretary then scheduled the physical exam for Plaintiff at the Industrial Medical Clinic.

9. The Defendant unlawfully required Plaintiff, a pre-offer applicant, to be subjected to an improper medical inquiry/exam. This physical examination was referred to as the DOT (United States Department of Transportation) Medical Examination which is the same physical required of truck drivers who maintain a commercial drivers licence (CDL).

10. However, the position for which Plaintiff applied did not require a CDL.

11. During his prior employment with contractors of the Defendant, Plaintiff had performed the job duties of the Safety Technician/Safety Trainer and was not required to drive any vehicle requiring a CDL. To the extent the Safety Technician/Safety Trainer might have required driving such a vehicle, it was not an essential function of the job. And, to the extent it is argued that driving such a vehicle was an essential function of the job, Plaintiff could have performed the job with a reasonable accommodation–a D.O.T. waiver.

12. During the physical exam, Plaintiff was given an eye test. He informed the examiner that he had no vision in his left eye. The exam was then stopped by the examiner and the doctor informed Plaintiff that he would have to obtain a D.O.T. waiver from the State of Alabama for a CDL. The doctor then ended the physical exam.

13. The physical examination required of Plaintiff is not job related and had a disparate impact on Plaintiff and other applicants in the same or similar position as Plaintiff. It is not possible to pass a DOT physical if you do not have vision in both eyes as Plaintiff. Defendant's position that the DOT physical is a requirement of the job is pretextual and fails to take into consideration the

mandates of the ADA.

14.     Plaintiff was also subjected to disparate treatment discrimination when, following the physical exam, he was denied the position. The Defendant's position that the alleged reason Plaintiff was denied the job was "because he refused to complete the DOT physical" is both inaccurate and pretextual.

15.     Plaintiff was denied the position as a result of the Defendant's improper medical inquiry because he was blind in his left eye and, it was because of this disability and/or perceived disability and/or the Defendant's failure and refusal to reasonably accommodate this disability, that Plaintiff was denied the job.

**VI.     Causes of Action**

### Count I – Unlawful Discrimination in Violation of the ADA

16.     Plaintiff incorporates each and every paragraph above as if fully set out herein.

17.     Plaintiff applied for and was qualified for the position of Safety Technician.

18.     The Defendant's failure to hire Plaintiff was due to his disability; *i.e.*, no vision in his left eye and/or the Defendant's perception of the Plaintiff as disabled.

19.     The person hired into the position of Safety Technician, on information and belief, did not suffer from a disability and/or was not perceived by the Defendant as suffering from a disability.

20.     This action by the Defendant violates Plaintiff's rights under the ADA.

21.     Plaintiff has suffered economic damages as well as emotional distress resulting from this discriminatory treatment. Plaintiff has and continues to incur expenses and fees as a result of this discriminatory treatment.

### Count II – Improper Medical Inquiry in Violation of the ADA

22. Plaintiff incorporates each and every paragraph above as if fully set out herein.

23. Plaintiff applied for and was qualified for the position of Safety Technician

24. The Defendant unlawfully required Plaintiff, a pre-offer applicant, to be subjected to an improper medical inquiry/exam. The Defendant subjected Plaintiff to a medical examination and/or medical inquiries to determine whether he was an individual with a disability or the nature or severity of any disability he may have had.

25. The physical examination required of Plaintiff is not job related. It was, instead, required by the Defendant in order to identify and exclude persons with disabilities or perceived disabilities, such as the Plaintiff, from consideration for employment.

26. As a result of the Defendant's improper medical exam/inquires of Plaintiff, the Defendant failed to hire Plaintiff due to his disability; *i.e.*, no vision in his left eye and/or the Defendant's perception of the Plaintiff as disabled.

27. These actions by the Defendant violates Plaintiff's rights under the ADA.

28. Plaintiff has suffered economic damages as well as emotional distress resulting from this unlawful treatment. Plaintiff has and continues to incur expenses and fees as a result of this unlawful treatment.

## VII. Prayer for Relief

WHEREFORE, Plaintiff hereby demands judgment against Defendant and prays that this Court:

a. Declare Defendant's conduct to be in violation of Plaintiffs rights;

b. Enjoin Defendant from engaging in such conduct;

      c.      Require Defendant to hire Plaintiff into the position he sought;

      d.      Award Plaintiff back pay and, in lieu of instatement into the position if appropriate, award Plaintiff front pay;

      e.      Award Plaintiff compensatory damages;

      f.      Award Plaintiff punitive damages;

      g.      Award Plaintiff costs, interest, and attorney fees;

      h.      Award Plaintiff any and all other equitable relief to which he is entitled;

      i.      Grant such other relief as the Court may deem as just and proper.

Respectfully submitted,

s/ Temple D. Trueblood
Temple D. Trueblood (TRUE0355)
Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

OF COUNSEL:
EDWARD L.D. SMITH
Post Office Box 1643
Mobile, Alabama 36633-1643
(251) 432-0447

OF COUNSEL:
HENRY BREWSTER, L.L.C.
205 North Conception Street
Mobile, Alabama 36603
(251) 338-0630

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

                                                  s/ Temple D. Trueblood
                                                  OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon the named Defendant the following : Alias Summons, Complaint, Amended Complaint.**

**Defendant's Address:**
**Thyssenkrup Inplant Services, LLC,**
  **d/b/a Phoenix InPlant Services, LLC**
**c/o Registered Agent**
**CSC Lawyers Incorporating Service, Inc.**
**150 South Perry Street**
**Montgomery, Alabama 36104**

                                                  s/ Temple D. Trueblood
                                                  OF COUNSEL